Brian C. Padgett
1672 Liege Drive
Henderson, Nevada 89012
Telephone: (702) 497-3204
Brian.Padgett@icloud.com

*Plaintiff in Proper Person*

**UNITED STATES DISTRICT COURT**

**DISTRICT of NEVADA**

| | |
|---|---|
| BRIAN C. PADGETT, an Individual<br><br>Plaintiff(s),<br><br>vs.<br><br>ANTHONY FANTICOLA, an Individual, DOE DEFENDANTS I-X, and DOE ENTITIES I-X,<br><br>Defendants. | Case No.: 2:21-cv-01388-RFB-EJY<br><br>**AMENDED COMPLAINT**<br><br>**Arbitration Exempt:**<br>**Action Concerning Title**<br>**To Property; Property Rights;**<br>**Damages Exceed $75,000.00**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, **BRIAN C. PADGETT**, an individual and Nevada resident (hereinafter referred to as "Plaintiff") and hereby complains and alleges against ANTHONY FANTICOLA, an individual and California resident (hereinafter referred to individually as "Fanticola" or "Defendant"); DOE DEFENDANTS I-X; and DOE ENTITY DEFENDANTS I-X in their official and personal capacities as follows:

1

## I. PARTIES, JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff BRIAN C. PADGETT, an individual, is a resident of the State of Nevada.
2. Defendant ANTHONY FANTICOLA, an individual, is a resident of the State of California and is the lender to Plaintiff.
3. The true names and capacities, whether individual, corporate, association or otherwise of Doe Defendants I through X; and Doe Entity Defendants I through X, inclusive, are unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Doe Defendants designated herein are responsible in some manner for the events and occurrences herein referred to, and in some manner caused the injuries and damages to Plaintiffs alleged herein. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of all Doe Defendants when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such parties in this action.
4. Both jurisdiction and venue with respect to this action properly lie in this Court pursuant to 28 U.S.C. Sec. 1332.
5. All paragraphs herein are based upon information and belief unless specifically noticed otherwise.

## II. GENERAL ALLEGATIONS

6. Plaintiff is the Manager of 611 S. 6th Street, LLC.
7. 611 S. 6th Street, LLC owns ninety-eight (98) percent of the real property and improvements at 611 S. 6th Street, Las Vegas, Nevada 89101 ("Subject Property").
8. Plaintiff personally owns the remaining two (2) percent of the Subject Property with the same proportional rights and obligations as 611 S. 6th Street, LLC.
9. That Plaintiff entered into a $2,000,000 loan agreement with Defendant.
10. Plaintiff signed a personal guaranty for the loan and granted Defendant a deed of trust on that real property located at 611 S. 6th Street, Las Vegas, Nevada 89101 ("Subject Property") as collateral for the loan.

11. The Subject Property, whose Assessor Parcel No. is 139-34-410-221, is a commercial office building that housed Plaintiff's law practice.

12. The Subject Property is also subject to a 10 year lease with two, 5 year options at the discretion of tenant, the Law Offices of Brian C. Padgett.

13. On June 6, 2018 Plaintiff made a loan payment of $150,000 to Defendant which left a balance of only $200,000 on the original loan.

14. On October 24, 2019 Plaintiff had a conference call with Defendant Fanticola and his in-house lawyer, Guy Whitworth, over the status of his loan and at that time Plaintiff made Fanticola and Whitworth aware that he would be practicing law from his home office at 1672 Liege Drive in Henderson, Nevada 89012 for the rest of the 2019 year.

15. Plaintiff made clear that any correspondence regarding the loan should also be sent to him at his home office.

16. On December 16, 2019, Defendant filed a Notice of Breach and Election to Sell with the Clark County Recorder.

17. No Notice of Breach and Election to Sell was sent to Plaintiff via registered or certified mail as required pursuant to NRS Chapter 107 and, as a result, Plaintiff was unaware of the Notice.

18. On or about February 2020, Plaintiff mailed written notice to Defendant Fanticola that he would continue to work at his home office for the remainder of 2020.

19. The written notice made clear that all correspondence for the loan and should be sent to Plaintiff's home office at 1672 Liege Drive, Henderson, Nevada 89012.

20. On February 11, 2020, Defendant, who was a second position lienholder on the 611 S. 6th Street property filed suit against the first position lien holder over lien priority.

21. Plaintiff was not noticed or named in the lawsuit.

22. On or about April 10, 2020, Defendant's lawyer, Guy Whitworth ("Mr. Whitworth"), contacted Plaintiff regarding vagrants camping along the Subject Property perimeter indicating he and Defendant were aware Plaintiff was working from his 1672 Liege Drive home office.

23. On April 10, 2020, Mr. Whitworth sent Plaintiff an email of a Stipulation granting a temporary restraining order and preliminary injunction to Defendant which prevented the first place lienholder from foreclosing on the subject property.

3

24. This was the first time Plaintiff was made aware of that lawsuit.
25. Another email from Mr. Whitworth on April 10, 2020 told Plaintiff that "to date we have not authorized sending notice (of the Trustee's Sale)".
26. This was the first time Plaintiff was made aware that a Notice of Default had been filed against the Subject Property since Defendant filed the Notice 5 months prior in time.
27. Thereafter, Plaintiff then mailed a letter to Defendant requesting a copy of the Notice of Breach because he never received the Notice when it was originally filed on December 16, 2019.
28. Plaintiff also made a request for Accounting of the loan balance and pay off amount in that letter pursuant to NRS Chapter 107.
29. The information requested was never provided.
30. On March 26, 2021 Defendant Fanticola filed a Notice of Entry of Order granting his Motion for Summary Judgment motion regarding clarity on the lien priority.
31. Plaintiff was never provided a copy of this Order affecting the Subject Property and Plaintiff's property rights.
32. On April 5, 2021 a Notice of Trustee's Sale was filed with the Recorder by Defendant to hold a foreclosure sale for the Subject Property on April 26, 2021.
33. Plaintiff was not served with the Notice of Trustee's Sale pursuant to NRS Chapter 107.
34. The Trustee's Sale was eventually stayed but Defendants never noticed a continuance of the Trustee's Sale beyond the April 26, 2021 date.
35. Plaintiff was never served with notice of any continuance of the Trustee's Sale beyond the April 26, 2021 date.
36. Plaintiff did not even find out about the April 26, 2021 foreclosure sale until advised by a disinterested third party on May 24, 2021.
37. Plaintiff then immediately contacted Mr. Whitworth via email and noted that he was never served with a Notice of Trustee's Sale as required by NRS Chapter 107.
38. Plaintiff also told Mr. Whitworth that he declined to waive his right to legal notice and agreed to accept service – reminding him again to send to his 1672 Liege Drive home office in Henderson, Nevada 89012.

39. Neither Mr. Whitworth nor Defendant responded to Plaintiff's message for more than ten days after Plaintiff contacted him.
40. During that time, Defendant quickly wrapped up his lawsuit on May 27, 2021 and then just as quickly held a Trustee's Sale of the Subject Property the very next day - May 28, 2021 - without giving notice to Plaintiff pursuant to NRS Chapter 107.
41. After the foreclosure, Defendants failed to post the Trustee's Deed of Sale on the property.
42. Plaintiff did not even know that Defendant had foreclosed on the Subject Property until June 6, 2020, when he was able to make contact with Defendant Fanticola and confirm the foreclosure.
43. Thereafter, without notice to Plaintiff or tenant Law Offices, Defendant entered the office building on the Subject Property and moved the entire contents of Plaintiff's Law Office to a storage facility without notice.
44. No Notice to Pay or Quit was posted on the Subject Property nor served on Plaintiff or the tenant Law Offices of Brian C. Padgett.
45. No Notice of Unlawful Detainer was posted on the Subject Property nor served on Plaintiff or the tenant Law Offices prior to eviction.
46. Thereafter, Plaintiff was contacted by the storage company Defendant hired to move Plaintiff's belongings out of the Subject Property.
47. A contract was sent to Plaintiff to pay for storage costs and Defendant supplied the storage company with Plaintiff's home office address of 1672 Liege Drive, Henderson, NV 89012 showing he was knowledgeable at all times of the proper contact address for Plaintiff.

### III. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

48. Plaintiff repeats and re-alleges all prior paragraphs as though fully set forth herein.
49. Defendant gave Plaintiff no notice of the Notice of Breach and Election to Sell.
50. Defendant gave Plaintiff no notice of the Notice of Trustee's Sale.

5

51. Defendants gave no response to Plaintiff's request for Accounting as set forth herein.
52. Plaintiff is likely to succeed on the merits in this litigation as the public interest favors Plaintiff and the administration of substantial compliance with NRS Chapter 107 in loan agreements involving real property.
53. Therefore, Defendants' foreclosure sale must be declared void because it does not substantially comply with the provisions of Nevada Revised Statutes Chapter 107.
54. As the actions of the Defendant have necessitated that Plaintiff incur costs to bring this action, Plaintiff is also entitled to an award of costs of this suit.

## SECOND CLAIM FOR RELIEF

### (Wrongful Foreclosure)

55. Plaintiff repeats and re-alleges all prior paragraphs as though fully set forth herein.
56. As a proximate result of the negligent or reckless conduct of Defendant, Plaintiff's credit has been impaired and he is threatened with the eminent loss of the property as Defendant is now attempting to re-sell the property he wrongfully took possession of through wrongful foreclosure.
57. Unless enjoined, the Plaintiff will suffer irreparable harm and will not have an adequate remedy at law.
58. As a proximate result of the negligent actions of Defendant, the Plaintiff has suffered damages and will continue to suffer additional damages in an amount to be fully proven at the time of trial.
59. As the actions of Defendant have necessitated that Plaintiff incur costs to bring this action, Plaintiff is also entitled to an award of costs of this suit.

## THIRD CLAIM FOR RELIEF

### (Slander of Title)

60. Plaintiff repeats and re-alleges all prior paragraphs as though fully set forth herein.
61. The Defendant has caused to be recorded various documents related to foreclosure of the subject property which have impaired Plaintiff's title which constitutes slander of

6

title and Plaintiff should be awarded resulting damages to be fully proven at the time of trial.

62. As the actions of the Defendant have necessitated that Plaintiff incur costs to bring this action, Plaintiff is also entitled to an award of costs of this suit.

## FOURTH CLAIM FOR RELIEF

### (Slander of Credit)

63. Plaintiff repeats and re-allege all prior paragraphs as though fully set forth herein.
64. Plaintiff alleges that the actions and inactions of Defendant have impaired his credit causing him to lose the ability to have good credit entitling him to damages, including statutory punitive damages pursuant to state and federal law, all to be proven at the time of trial.
65. Because Plaintiff was compelled to bring this cause of action for the taking of his property interest, Plaintiff is entitled to a further award of actual and/or reasonable costs and expenses, including but not limited to expert fees and appraisal fees, together with prejudgment interest.

## FIFTH CLAIM FOR RELIEF

### (Infliction of Emotional Distress)

66. Plaintiff repeats and re-alleges all prior paragraphs as though fully set forth herein.
67. The Defendant has intentionally or negligently taken actions which have caused Plaintiff severe emotional distress.
68. As the actions of the Defendant has necessitated that Plaintiff incur fees and costs to bring this action, Plaintiff is also entitled to an award of fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1. That this Court void the wrongful foreclosure sale that occurred on May 28, 2021;
2. That this Court enjoin Defendant from attempting sale or transfer of the subject property;
3. That Defendant be immediately enjoined from possession and control of the Subject Property;
4. That Plaintiff be awarded punitive damages to be fully proved at time of trial;
5. That Plaintiff be awarded consequential damages to be fully proved at the time of trial;
6. That Plaintiff be awarded his costs associated with bringing this lawsuit; and
7. Such other relief as this Court deems just and proper.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

DATED this 29TH day of December, 2021

By: _____
BRIAN C. PADGETT
1672 Liege Drive
Henderson, Nevada 89012
Phone: (702) 497-3204

*Plaintiff in Proper Person*