1
2
3
4
5

**THE BARNABI LAW FIRM, PLLC**
CHARLES ("CJ") E. BARNABI JR., ESQ.
Nevada Bar No. 14477
375 East Warm Springs Road, Ste 104
Las Vegas, Nevada 89119
Email: cj@barnabilaw.com
Telephone:    (702) 475-8903
Facsimile:    (702) 966-3718

6

*Attorneys for Defendant, Anthony Fanticola*

7

**UNITED STATES DISTRICT COURT**

8

**CLARK COUNTY, NEVADA**

9
10
11
12
13
14
15
16

BRIAN C. PADGETT, an individual;

        Plaintiff,

vs.

ANTHONY FANTICOLA, an Individual,
DOE DEFENDANTS I-X, and DOE
ENTITIES I-X;

        Defendants.

Case No.:        2:21-cv-01388-RFB-EJY

**DEFENDANT'S MOTION TO DISMISS P LAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5)-(7), (f) AND OTHER RELATED RELIEF**

17
18
19
20
21
22
23
24
25
26
27

    Defendant Anthony Fanticola ("Defendant" or "Fanticola"), by and through his undersigned counsel, hereby moves to dismiss or strike the Amended Complaint of Plaintiff, Brian C. Padgett (ECF No. 22) pursuant to FRCP 12(b)(5)- (7) or alternatively (f) because the original Complaint or Amended Complaint were never served upon Defendant, there is no basis for relief, as 611 S. Sixth Street, LLC (the owner of the Subject Property described in the Amended Complaint) is not a party to the Amended Complaint and the Amended Complaint was filed without relief being sought, consent being obtained or permitted under any procedural rules. As Padgett has failed to proof that he has standing or even serve any of the complaints filed for over a year, the Amended Complaint should be dismissed with prejudice and the related lis pendens (filed on the same day, ECF No. 23) ordered to be expunged.

28

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

This motion is supported and based on the pleadings and submissions to the Court on the docket, the prior declarations of Fanticola and Michele Dobar, the exhibits referenced or attached hereto, and any oral arguments should a hearing be scheduled.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BRIEF STATEMENT OF FACTS

**A.** **Procedural History, Plaintiff's Continued Lack of Standing and Failure to Serve Pleadings While Recklessly Filing Multiple Lis Pendens Clouding Title to the Subject Property.**

1.     On July 26, 2021, Plaintiff, Brian C. Padgett ("Padgett") filed his Complaint and concurrently caused a summons to be issued identifying Defendant, Anthony Fanticola ("Fanticola").  ECF No. 1, 2.

2.     Padgett alleges that he signed a personal guaranty secured by real property located at 611 S. 6th Street, Las Vegas, Nevada 89012 (the "Subject Property"), and granted a deed of trust to Defendant.  ECF No. 22 at ¶7.

3.     The Deed of Trust for the Subject Property and loan agreement were in favor of 611 S. 6th Street, LLC.  ECF No. 9, Declaration of Anthony Fanticola in Support of Emergency Motion to Cancel and/or Expunge Lis Pendens ("Fanticola Declaration") ECF No. 9 at ¶3, Exhibits A and C.

4.     Padgett claims he was entitled to and requested that notice of any foreclosure proceedings or legal action related to the Subject Property, be sent to his personal residence, 1672 Liege Drive, Henderson, Nevada 89012.  ECF No. 1 at ¶¶16, 24, 30, 35.

5.     Based on the alleged failure to provide requisite notice of the foreclosure of the Subject Property, Padgett asserted claims for Breach of Contract, Wrongful Foreclosure, Slander of Title, Slander of Credit and Infliction of Emotional Distress.  ECF No. 1 at ¶¶45-65.

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

6.     Fanticola was never served with the Complaint and Summons.     Fanticola Declaration at ¶11.

7.     On November 5, 2021, Fanticola filed his Emergency Motion to Cancel and/or Expunge Lis Pendens (the "Emergency Motion").  ECF No. 7.  The Emergency Motion identified the issue of standing and failure to serve the Complaint:

> …Padgett does not have any ownership right to Property. He admits as much in his Complaint. This raises a significant question as to his motives for filing the lis pendens. More concerning, however, is that Padgett has not yet served Fanticola with the Complaint.

*Id.* at p. 8:20-23 [Footnote omitted].

8.     At the hearing on the Emergency Motion, this Court likewise identified that Padgett lack standing to bring his claims and Padgett agreed that 611 S. 6th Street, LLC would have to be the entity to bring the claims asserted in the Complaint:

> THE COURT: Okay. I couldn't hear you at first. All right. So we're here on the motion as relates to an emergency -- the emergency motion for lis pendens. Mr. Padgett, I just have a couple of questions for you in this case.
>
> You're not the owner of this property, correct?
>
> MR. PADGETT: Yes, I am, Your Honor.
>
> THE COURT: Well, I thought 611 South was the owner of the property, which is a separate legal entity.
>
> MR. PADGETT: Yeah. Yes. So that is -- I am the manager and the sole owner or shareholder of 611 South 6th Street, also gave a loan to 611 South 6th Street that they assigned all rights to me. So I am the proper person.
>
> THE COURT: But, no, here's what I'm saying to you. As an entity, if they want to appear in court to deal with the property interest they have, they have to have a lawyer. You understand that?
>
> MR. PADGETT: Yes, Your Honor.
>
> THE COURT: So your earlier request for a lawyer, was that for you or for this entity? I want to make sure I'm understanding.
>
> MR. PADGETT: Well, it's -- it would be for both, Your Honor.

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

THE COURT: Well, the reason why I'm saying that to you, *Mr. Padgett, is as I look at the lis pendens, you don't as an individual have a property interest. Now, you, the LLC, and you as a manager would have the interest and you certainly could control that entity, I guess, but not you personally. And there's an important distinction here as it relates to the property interests; that the -- that the entity would have to assert the property interest and could do so, but not through you.* You'd have to have -- they'd have to have a lawyer to do that.

*Right?*

R. PADGETT: *Yes, Your Honor.*

THE COURT: *So that's important as it relates to the lis pendens here. Because while you may have an interest in the property it seems to me based upon your interests in 611 South, you individually in terms of appearing in this action do not, it appears to me, have a property interest.* You understand the distinction that I'm making, Mr. Padgett?

MR. PADGETT: I do, Your Honor. And I apologize that I'm not able to speak fully to Mr. Silvestri's motion. However, there have been assignments, and I will say to the Court that's why I asked for time to get counsel. This is our first request because these documents --

ECF No. 24, Transcript of Emergency Motion Hearing at pp. 3:17-5:12 [Emphasis added].

9.     The Court granted the Emergency Motion and stated multiple other times before the hearing was concluded that 611 S. 6th Street, LLC would need to assert any property interest claims, "And if 611 South wants to assert a property interest, then they need to do that and there's a proper way to do that. I'm not saying they can't do that." *Id.* at p. 10:9-11.

10.     On December 13, 2021, the Court issued its Order granting the Emergency Motion finding that, "Subject property is owned by 611 S. 6th Street, LLC. Plaintiff is not a property owner in his individual capacity..." and granting the expungement of the lis pendens, directing the County Recorder to remove the lis pendens recorded by Padgett.  ECF No. 19, pp. 2:3-4, 3:15-18.

11.     On December 29, 2021, Padgett filed his Amended Complaint. ECF No. 22.

12.     In the Amended Complaint Padgett still remains as the sole Plaintiff. The only material difference in allegations is the claim that Padgett owns 2% of the Subject Property

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

(though he affirmed to the Court at the Emergency Hearing that 611 S. 6th Street, LLC owned 100% of the Subject Property but the entity had assigned the right to pursue the claims in the Complaint, ECF No. 24 at p. 4:1-9):

> 6.      Plaintiff is the Manager of 611 S. 6th Street, LLC.
>
> 7.      611 S. 6th Street, LLC owns ninety-eight (98) percent of the real property and improvements at 611 S. 6th Street, Las Vegas, Nevada 89101 ("Subject Property").
>
> 8.      Plaintiff personally owns the remaining two (2) percent of the Subject Property with the same proportional rights and obligations as 611 S. 6th Street, LLC.

ECF No. 22, ¶¶6-8.

13.      At the time of entering into the loan agreement, deed of trust and personal guaranty in November 2016 and January 2017, through the time when Michelle Dobar of Nevada Trust Deed Services obtained a Trustee's Sale Guarantee on November 15, 2019, the owner of the Subject Property remained 611 S. 6th Street, LLC, "Title to said estate or interest at the date hereof is vested in: 611 S. 6th Street LLC, a Nevada limited liability company" Declaration of Michelle Dobar in Support of Emergency Motion to Cancel and/or Expunge Lis Pendens ("Dobar Declaration"), ECF No. 10 at Exhibit A, p. 6.

14.      611 S. 6th Street, LLC has not been added as a party to the Amended Complaint (which Padgett sought no relief to file).  ECF No. 22.  The Amended Complaint has not been served, nor a summons issued for service to Fanticola.  Case Docket as of August 2, 2022, attached herein as Exhibit 1.

15.      The Amended Complaint should be dismissed with prejudice for failure to demonstrate standing as identified by the Court, failure to seek leave to file the Amended Complaint, failure to serve either the Amended Complaint or original Complaint timely – and in

conjunction expunge the lis pendens as Plaintiff would have no pleadings identifying a basis to support a supposed claim regarding real property.

## II.

## LEGAL ARGUMENT

**A.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE HE LACKS STANDING, RELIEF WAS NOT SOUGHT TO FILE AN AMENDED PLEADING AND SERVICE HAS NOT BEEN PERFECTED.**

Padgett filed the Amended Complaint in blatant disregard of the Court's Order and his own representations that 611 S. 6th Street, LLC owned 100% of the Subject Property, even after the Court granted additional time for Padgett and the LLC to obtain counsel to properly represent their interests.  The same lack of standing issue which the Court identified at the Emergency Motion Hearing are still present, relief was not sought to file the amended pleading, service has not been perfected (for either the original or Amended Complaint) - and the Amended Complaint must be dismissed with prejudice.

### 1.   Plaintiff's Lack of Standing Justifies Dismissal For Failure to State a Claim.[1]

When a defendant moves for dismissal of a complaint under FRCP 12(b)(6) for failing to state a claim for relief as required by FRCP 8(a), the reviewing court accepts all "factual allegations" in the complaint as true but disregards allegations that "do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."); *Magee v. Shoshone Paiute*

---

[1] Similarly, the Amended Complaint would have to be dismissed pursuant to FRCP 12(b)(7).  A person must be joined as a party to an action if, "in that person's absence, the court cannot accord complete relief among existing parties." FRCP 19(a)(1)(A); FRCP 12(b)(7). If a necessary party has not been joined, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).  In this case, Plaintiff has actively chosen not to include 611 S. 6th Street, LLC as a plaintiff, and the case should be dismissed for this reason also.

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

*Tribes of Duck Valley Reservation*, 460 F. Supp. 3d 1073, 1076 (D. Nev. 2020). If disregarding the conclusory allegations leaves a complaint that fails to state a "plausible" claim for relief or fails to give fair notice of a legally cognizable basis, dismissal is necessary under FRCP 12(b)(6). *Magee*, 460 F. Supp. 3d at 1076.

"Although generally a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, 'material which is properly submitted as part of the complaint may be considered on a motion to dismiss.'" *Local Joint Executive Bd. of Las Vegas v. Ramparts, Inc.*, 2:12-CV-01963-GMN, 2013 WL 5437368, at *5 (D. Nev. Sept. 27, 2013) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990)). "Similarly, 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss' without converting the motion to dismiss into a motion for summary judgment." *Id*. (*quoting Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994)). "Also, under Federal Rule of Evidence 201, a court may take judicial notice of 'matters of public record.'" *Id*. (*quoting Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir.1986)).

Standing requires "(1) a concrete and particularized injury that is 'actual or imminent, not conjectural or hypothetical'; (2) a causal connection between the injury and the defendant's challenged conduct; and (3) a likelihood that a favorable decision will redress that injury." *Pyramid Lake Paiute Tribe of Indians v. Nev. Dep't of Wildlife*, 724 F.3d 1181, 1187 (9th Cir. 2013) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In *Woods View II, LLC v. Kitsap Cnty.*, 484 F. App'x 160, 161 (9th Cir. 2012) that Court held that a sole member and guarantor of debt for Woods View, LLC did not have standing to pursue that were derivative of the claims of the limited liability company:

…The district court found that Piper, the sole member of Woods View and guarantor of its debts, lacked standing to bring individual claims against Appellees….

Like the district court, we find that Piper's personal financial losses are derivative of Woods View's own losses. Piper was not injured directly and independently of the limited liability company and therefore lacks standing to pursue individual claims against Appellees. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir.2002).

*Woods View II, LLC*, 484 F. App'x at 161; *In re Real Mktg. Servs., LLC*, 309 B.R. 783, 788 (S.D. Cal. 2004) (stating, "With regard to limited liability corporations ("LLC's"), members of an LLC hold no direct ownership interest in the company's assets and therefore are not directly injured when the company suffers an improper deprivation of those assets. *PacLink*, 90 Cal.App.4th at 964, 109 Cal.Rptr.2d 436.").

In this case, Plaintiff has no standing to assert claims which belong to 611 S. 6th Street, LLC. As the Court previously identified and found the "Subject property is owned by 611 S. 6th Street, LLC. Plaintiff is not a property owner in his individual capacity..." ECF No. 19, pp. 2:3-4. The fact that Plaintiff is not the owner of the Subject Property in addition to being found by this Court is affirmed by the loan agreement and deed of trust, which are each referenced in the Amended Complaint. ECF No. 22 at ¶7; Fanticola Declaration at Exhibits A and C. Plaintiff has no standing to assert claims on behalf of 611 S. 6th Street, LLC and the Amended Complaint must be dismissed. *See Woods View II, LLC*, 484 F. App'x at 161; *RK Ventures, Inc.*, 307 F.3d at 1057; *In re Real Mktg. Servs., LLC*, 309 B.R. at 788.

## B.   PLAINTIFF HAS NEVER SERVED THE ORIGINAL OR AMENDED COMPLAINT WHICH REQUIRES DISMISSAL.

FRCP 4(m) requires that service upon the defendant be made within 90 days. Failure to serve the complaint within that time allows the defendant to assert insufficiency of process as a defense. The burden then shifts to the plaintiff to prove the adequacy of service of process. *Beattie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 376, 384 (S.D.N.Y. 2006); *see Konecranes Glob, Corp. v. Mode Tech (Beijing) Co., Ltd.*, No. 2:18-cv-02015-GMN-NJK, 2019 U.S. Dist. LEXIS 130358, at *5 (D. Nev. Aug. 3, 2019) ("The plaintiff has the burden of

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

demonstrating that service of process was valid."). In this case, Fanticola has not been personally served with a summons and complaint as evidenced by the Fanticola Declaration and no evidence of service exists on the docket of the case. *See* Exhibit 1.

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under FRCP 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *D 'Onofrio v. Mattino*, 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006) ("A court cannot obtain personal jurisdiction over a party without proper service of process."); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir, 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

As noted by this Court in *Konecranes*, "[i]f service of process is insufficient or otherwise invalid, the court has discretion to dismiss an action or to simply quash service." 2019 U.S. Dist. LEXIS 130358, at *5 (citing Fed. R. Civ. P. 4(m); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288,1293 (9th Cir. 2006)). In addition, actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Id.* (*quoting Crowley v. Bannister*, 124 F.3d 967, 975 (9th Cir. 2013)).

As Plaintiff has never served any complaint or summons, the Amended Complaint must be dismissed.

1.     **Plaintiff's Unrefuted Continuing Failure to Serve the Any Summons and Pleadings, Seek Extension of Service or Any Related Relief Justifies Dismissal With Prejudice.**

The record before the Court demonstrates that Plaintiff has no genuine intent to prosecute his claimed allegations, as he has never served any pleading or summons.  Plaintiff in sum has done nothing to prosecute his case, retain counsel as he previously represented or heed the

directions of this Court determining he was not a proper party to the asserted claims.  Under these

circumstances the Court may dismiss this matter with prejudice:

> the power to dismiss a case with prejudice is available to district courts to ensure compliance with court orders and rules. It is one of many sanctions available to federal courts when faced with improper behavior by attorneys or parties to a lawsuit. This power is needed to deter parties from proceeding in a dilatory fashion and is necessary to promote the orderly and efficient administration of justice. It is also a method of maintaining the integrity of judgments by preventing relitigation of the issues. However, this power should be carefully used by district courts

*Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 725 (7th Cir. 1993).

Further:

> The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986). Furthermore, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (*citing Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424).

*Wolff v. California*, 318 F.R.D. 627, 632 (C.D. Cal. 2016).

In this case, Plaintiff has made no effort to prosecute his case, even after the Court afforded additional time for him to retain counsel for the anticipated plaintiff, 611 S. 6th Street, LLC.  Plaintiff who mentioned that the Subject Property was occupied by, "the Law Offices of Brian C. Padgett" is surely aware of the requirement to serve the summons and complaint pursuant to FRCP 4, conduct the FRCP 26 discovery conference, etc.  After a year of not moving the case forward at all and engaging in frivolous litigation and filing another lis pendens without any justification, filing the Amended Complaint without relief or consent, wanton contradiction of actual ownership of the Subject Property – all support the conclusion that the case should be dismissed with prejudice pursuant to FRCP 41(b).[2]

---

[2] In assessing dismissal pursuant to FRCP 41(b), the five-factor test used in the 9th Circuit weighs in favor of Defendant.  Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

**C.     The Amended Complaint Should Be Stricken As It Was Not Filed In Accordance With FRCP 15, Either By Seeking Judicial Relief Or With Written Consent From Fanticola.**

The docket is devoid of any motion seeking leave to file the Amended Complaint or consent from the Defendant.

> Rule 15(a)(1) allows a party to amend a pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." All other amendments require a party to have "the opposing party's written consent or the court's leave," but the court "should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

*Discovery Pier Land Holdings, LLC v. Visioneering Envision.design.build, Inc.*, No. CV1502590DDPAJWX, 2016 WL 777854, at *2 (C.D. Cal. Feb. 25, 2016).

"Under Rule 12(f), the court has the discretion to strike a pleading or portions thereof. *MGA Entm't, Inc. v. Mattel, Inc.*, No. CV 05-2727 NM, 2005 WL 5894689, at *4 (C.D. Cal. 2005)." *Discovery Pier Land Holdings, LLC*, 2016 WL 777854, at *2.

In this case, Plaintiff improperly filed the rogue Amended Complaint, which still remains unserved and no extensions seeking extended service has been submitted.  Even if leave had been sought, the Amended Complaint filed demonstrates the futility of the claims which fail to support any basis for relief.  "'[F]utility of amendment can, by itself, justify the denial of a motion for leave to amend.' *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)." *Eur. Travel Agency Corp.*

---

court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006).

The first factor, the public's interest in the expeditious resolution of litigation "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Similarly, the second factor, the Court's need to manage its docket favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Id.* (internal quotations marks omitted).  Regarding the third factor, when the plaintiff has unreasonably delayed their case there is a rebuttable presumption of prejudice to the defendant.  *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Plaintiff has not demonstrated any inclination to prosecute his case in accordance with the Court's Order determining he was not a proper party, failing to comply with FRCP 4(m), FRCP 15 and seems content to continue to cloud the Subject Property unlawfully – mitigating any favorable inference of the fourth and fifth factors.

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

*v. Allstate Ins. Co.*, No. CV2201141DSFKSX, 2022 WL 1498207, at \*2 (C.D. Cal. Apr. 27, 2022). The Amended Complaint must also be stricken pursuant to FRCP 12(f).

**D.    THE LIS PENDENS SHOULD BE EXPUNGED AS IT CANNOT EXIST WITHOUT A VALID COMPLAINT OR LEGAL INTEREST IN REAL PROPERTY.**

"It is fundamental to the filing and recordation of a lis pendens that the action involve some legal interest in the challenged real property, such as title disputes or lien foreclosures. *See*, Nev.Rev.Stat. § 14.010; *Coury v. Tran*, 111 Nev. 652, 895 P.2d 650 (1995); *Levinson v. Eighth Judicial District Court in and for the County of Clark*, 109 Nev. 747, 857 P.2d 18 (1993)." *In re Bradshaw*, 315 B.R. 875, 888 (Bankr. D. Nev. 2004). Further, "'[L]is pendens are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their office is to prevent the transfer or loss of real property which is the subject of dispute in the action that provides the basis for the lis pendens.' *Levinson v. District Court*, 109 Nev. 747, 750, 857 P.2d 18, 20 (1993) …" *Weddell v. H2O, Inc.*, 128 Nev. 94, 106, 271 P.3d 743, 751 (2012).

In this case, Plaintiff has no interest in the Subject Property, which determination has already been made by this Court. In addition to dismissing the Amended Complaint with prejudice, the lis pendens should also be expunged as also previously ordered by this Court under the same circumstances.

///

///

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

**III.**

**<u>CONCLUSION</u>**

Wherefore based on the foregoing it is respectfully requested that this Court dismiss the Amended Complaint with prejudice and order the expungement of the lis pendens.

Dated this 2nd day of August 2022.

THE BARNABI LAW FIRM, PLLC

By:    <u>/s/ CJ Barnabi</u>
        Charles E. ("CJ") Barnabi Jr.
        Nevada Bar No.: 14477
        375 East Warm Springs Road, Ste 104
        Las Vegas, Nevada 89119
        *Attorneys for Defendant, Anthony Fanticola*

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the 2nd day of August 2022, I served a copy of the foregoing was

3

electronically filed with the Clerk of the Court by using CM/ECF service which will provide

4

copies to all counsel of record registered to receive CM/ECF notification and by serving a copy of

5

the foregoing by United States Mail first class postage pre-paid to:

6

7

Brian C. Padgett
1672 Liege Dr.
Henderson, NV 89012

8

9

Dated this 2nd day of August 2022.

10

11

*/s/ CJ Barnabi*

12

An employee of The Barnabi Law Firm, PLLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE BARNABI LAW FIRM, PLLC**
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

**EXHIBIT 1**

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:21-cv-01388-RFB-EJY

Padgett v. Fanticola
Assigned to: Judge Richard F. Boulware, II
Referred to: Magistrate Judge Elayna J. Youchah
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 07/26/2021
Jury Demand: Defendant
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**Brian C. Padgett**        represented by   **Brian C. Padgett**
1672 Liege Dr.
Henderson, NV 89012
PRO SE

V.

**Defendant**

**Anthony Fanticola**       represented by   **Charles Barnabi , Jr**
The Barnabi Law Firm, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, NV 89119
702-475-8903
Email: cj@barnabilaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey A Silvestri**
McDonald Carano Wilson
2300 W Sahara Avenue
Suite 1200
Las Vegas, NV 89102
702-873-4100
Email: jsilvestri@mcdonaldcarano.com
*TERMINATED: 05/20/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2021 | | Case randomly assigned to Judge Richard F. Boulware, II and Magistrate Judge Elayna J. Youchah. (HAM) (Entered: 07/26/2021) |
| 07/26/2021 | 1 | COMPLAINT against Anthony Fanticola (Filing fee $402) by Brian C. Padgett. Proof of service due by 10/24/2021. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Receipt NVLAS076578) (HAM) (Entered: 07/26/2021) |
| 07/26/2021 | 2 | Summons Issued as to Anthony Fanticola re 1 Complaint. (HAM) (Entered: 07/26/2021) |
| 07/26/2021 | 3 | ADVISORY LETTER to litigant. (HAM) (Entered: 07/26/2021) |
| 07/26/2021 | 4 | STANDING ORDER. This case has been assigned to the Honorable Judge Richard F. Boulware, II. Judge Boulware's Chambers Practices, which are posted on the U.S. District |

| | | |
|---|---|---|
| | | Court, District of Nevada public website, may also be accessed directly via this hyperlink: www.nvd.uscourts.gov. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 07/26/2021) |
| 09/21/2021 | 5 | SUBPOENA Issued to Bank of America by Brian Padgett. (HAM) (Entered: 09/21/2021) |
| 11/02/2021 | 6 | NOTICE of intent to dismiss pursuant to FRCP 4(m). The * Complaint* in this action was filed on* 7/26/2021.* To date no proper proof of service has been filed as to*Anthony Fanticola.* FRCP 4(m) dismissal deadline set for 12/2/2021. (EDS) (Entered: 11/02/2021) |
| 11/05/2021 | 7 | Emergency MOTION to Expunge Lis Pendens by Defendant Anthony Fanticola. Responses due by 11/19/2021. (Silvestri, Jeffrey) (Entered: 11/05/2021) |
| 11/05/2021 | 8 | DECLARATION of Jeff Silvestri re 7 Motion to Expunge Lis Pendens by Defendant Anthony Fanticola. (Silvestri, Jeffrey) (Entered: 11/05/2021) |
| 11/05/2021 | 9 | DECLARATION of Anthony Fanticola re 7 Motion to Expunge Lis Pendens by Defendant Anthony Fanticola. (Attachments: # 1 Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G) (Silvestri, Jeffrey) (Entered: 11/05/2021) |
| 11/05/2021 | 10 | DECLARATION of Michele Dobar re 7 Motion to Expunge Lis Pendens by Defendant Anthony Fanticola. (Attachments: # 1 Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I) (Silvestri, Jeffrey) (Entered: 11/05/2021) |
| 11/08/2021 | 11 | ERRATA to 10 Declaration, by Defendant Anthony Fanticola. (Attachments: # 1 Index, # 2 Exhibit G, # 3 Exhibit J) (Silvestri, Jeffrey) (Entered: 11/08/2021) |
| 11/15/2021 | 12 | Mail Returned as Undeliverable/Attempted not known, re 6 Notice re 4m Dismissal, addressed to Brian C Padgett. (DRS) (Entered: 11/15/2021) |
| 11/29/2021 | 13 | MINUTE ORDER IN CHAMBERS of the Honorable Richard F. Boulware, II on 11/29/2021. |
| | | WHEREAS, this Court has found, due to the danger of the global pandemic to the community, including the parties, court staff and the attorneys of parties, that in-person appearances must be restricted whenever necessary and that this case is appropriate to be heard by videoconference; |
| | | IT IS ORDERED that a Hearing regarding 7 Emergency MOTION to Expunge Lis Pendens is set for December 6, 2021 at 1:00 PM in LV Courtroom 7C by videoconference appearance before Judge Richard F. Boulware, II. |
| | | IT IS FURTHER ORDERED that members of the public seeking to have access to this hearing must, prior to the day of the hearing, contact the Court by email to request access to and receive permission to listen this hearing by telephone. Members of the public granted such access must join the remote proceedings prior to their official commencement. Once a remote proceeding has begun, no access will be granted to the proceeding. |
| | | IT IS FURTHER ORDERED that the members of the public may contact the Courtroom Administrator at "blanca_lenzi@nvd.uscourts.gov", with information on how to participate in the video conference if necessary. |
| | | IT IS FURTHER ORDERED that no one or entity or organization, including but not limited to counsel, counsel's agents or staff, the Defendant, law enforcement agents/officers, members of the public, who participate in or listen to this proceeding may |

| | | |
|---|---|---|
| | | record it in any manner. Any individual, entity or organization that records this proceeding without written authorization of the Court shall be subject to civil and/or criminal contempt penalties by this Court.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - BEL) (Entered: 11/29/2021) |
| 12/02/2021 | 14 | MINUTE ORDER IN CHAMBERS of the Honorable Richard F. Boulware, II on 12/2/2021.<br><br>Plaintiff's response to 7 Emergency Motion to Expunge Lis Pendens was due by November 19, 2021. To date, Plaintiff has not submitted a response nor a request for extension of time.<br><br>IT IS HEREBY ORDERED that Plaintiff shall respond to 7 Emergency Motion to Expunge Lis Pendens by December 8, 2021.<br><br>IT FURTHER ORDERED that the Hearing regarding 7 Emergency MOTION to Expunge Lis Pendens set for December 6, 2021 is Vacated and RESET to <u>December 10, 2021 at 1:00 PM</u> in LV Courtroom 7C by videoconference appearance before Judge Richard F. Boulware, II.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - BEL) (Entered: 12/02/2021) |
| 12/08/2021 | <u>15</u> | RESPONSE to 7 Emergency Motion to Expunge Lis Pendens by Plaintiff Brian C. Padgett. Replies due by 12/15/2021. (DRS) (Entered: 12/08/2021) |
| 12/08/2021 | <u>16</u> | MOTION to Continue Motion Hearing re 14 Order Setting Hearing on Motion to Expunge Lis Pendens set for 12/10/2021 by Plaintiff Brian C. Padgett. **(Image identical to <u>15</u> Response to 7 Emergency Motion.)** (DRS) (Entered: 12/08/2021) |
| 12/08/2021 | 17 | MINUTE ORDER IN CHAMBERS of the Honorable Richard F. Boulware, II on 12/8/2021.<br><br>IT IS ORDERED that Plaintiff's 16 MOTION to Continue Motion Hearing re 14 Order is DENIED. The hearing set for Friday, December 10, 2021, will proceed as scheduled.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - BEL) (Entered: 12/08/2021) |
| 12/10/2021 | 18 | MINUTES OF PROCEEDINGS - Motion Hearing held on 12/10/2021 before the Honorable Richard F. Boulware, II. Crtrm Administrator: *Blanca Lenzi*; Pla Counsel: *Brian C. Padgett, Pro se*; Def Counsel: *Jeff Susskind, Esq., Jane Susskind, Esq.*; Court Reporter: *Patty Ganci*; Time of Hearing: *1:03 PM - 1:14 PM*; Courtroom: *7C*;<br><br>Pro se plaintiff is present appearing telephonically and counsel for Defendant are present appearing by videoconferencing at this proceeding. The Court makes preliminary statements and hears representations of counsel and parties regarding 7 Emergency Motion to Expunge Lis Pendens.<br><br>The Court takes the motion under submission. A written order will issue.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - BEL) (Entered: 12/10/2021) |
| 12/13/2021 | <u>19</u> | ORDER granting 7 Motion to Expunge Lis Pendens. IT IS FURTHER ORDERED that the |

| | | |
|---|---|---|
| | | County Recorder for Clark County, Nevada is directed to expunge the notice of lis pendens recorded by Plaintiff Brian C. Padgett on the property located at 611 S. 6th Street, Las Vegas, NV 89101. Signed by Judge Richard F. Boulware, II on 12/13/2021.(Copies have been distributed pursuant to the NEF - KF) (Entered: 12/14/2021) |
| 12/20/2021 | 20 | Mail Returned as Undeliverable/Attempted Not Known re 17 Order on Motion to Continue addressed to Brian Padgett. (DRS) (Entered: 12/20/2021) |
| 12/27/2021 | 21 | Mail Returned as Undeliverable re 19 Order addressed to Brian C. Padgett. Envelope marked: "Return to Sender"; No new address. (JQC) (Entered: 12/27/2021) |
| 12/29/2021 | 22 | AMENDED COMPLAINT with Jury Demand against Anthony Fanticola by Brian C. Padgett. No changes to parties. (JQC) (Entered: 12/29/2021) |
| 12/29/2021 | 23 | NOTICE of Lis Pendens by Plaintiff Brian C. Padgett. (JQC) (Entered: 12/29/2021) |
| 01/03/2022 | 24 | TRANSCRIPT of Proceedings, 18 Motion Hearing, held on 12/10/2021, before Judge Richard F. Boulware, II. Court Reporter: Patricia Ganci, PG@nvd.uscourts.gov. Any Redaction Request is due by 1/24/2022. Redacted Transcript Deadline is set for 2/3/2022. Release of the Transcript Restriction is set for 4/3/2022. Before release date, the transcript may be viewed at the court public terminal or purchased through the reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (PG) (Entered: 01/03/2022) |
| 05/20/2022 | 25 | MOTION to Substitute Attorney Charles ("CJ") E. Barnabi Jr. in for Attorney Jeff Silvestri by Defendant Anthony Fanticola. (Barnabi, Charles) (Entered: 05/20/2022) |
| 05/20/2022 | 26 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Elayna J. Youchah on 5/20/2022. By Law Clerk: J. Florey.<br><br>Before the Court is the Substitution of Counsel (ECF No. 25). LR IA 6-2, titled "Required Form of Order for Stipulations and Ex Parte and Unopposed Motions," states in pertinent part that "[a] stipulation or ex parte or unopposed motion must include an "order" in the form of a signature block on which the court or clerk can endorse approval of the relief sought." Under LR IA 11-6(c) "[a] stipulation to substitute attorneys must be signed by the newly-appearing attorneys, the withdrawing attorneys, and the represented client and be approved by the court." (Emphasis added.)<br><br>The parties are reminded that substitutions of counsel must be presented for approval by the Court as either a stipulation or an unopposed motion and, therefore, must include a signature block for the judge. No further substitution of counsel will be granted by submitting counsel that fails to comply with the Local Rules.<br><br>Accordingly, IT IS HEREBY ORDERED that the Substitution of Counsel (ECF No. 25) is GRANTED. (Entered: 05/20/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2022 09:32:12 | | | |
| **PACER Login:** | CJBarnabi | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-cv-01388-RFB-EJY |
| **Billable** | 4 | **Cost:** | 0.40 |