UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| BRIAN C. PADGETT, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY FANTICOLA, an Individual, DOE DEFENDANTS I-X, and DOE ENTITIES I-X;<br><br>Defendants. | Case No.:   2:21-cv-01388-RFB-EJY<br><br>**<u>ORDER</u>** |

## I. INTRODUCTION

Before the Court for consideration is Defendant's Motion to Dismiss Plaintiff's [Amended] Complaint Pursuant to Fed. R. Civ R. P. 12(b)(5)-(7), (f) and Other Related Relief [ECF No. 27], Defendant's Emergency Motion to Cancel and/or Expunge Lis Pendens [ECF No. 32] and Defendant's Motion for Summary Judgment Dismissing Plaintiff's Amended Complaint With Prejudice [ECF No. 34] (collectively the "Motions"). These Motions were heard on March 23, 2023 at 9:45 a.m. Appearances were made by counsel for Defendant, and Plaintiff failed to appear.[1]

For the reasons stated below, the Motions are GRANTED. Further, Plaintiff's Amended Complaint is dismissed with prejudice.

---

[1] The Court notes that Plaintiff contacted the Judge's Chambers the day prior to the hearing to request that any dismissal be without prejudice. For the reasons stated herein, and pursuant to LR 7-2, the Court orders that this matter is dismissed with prejudice. *Id.* (stating that the failure to file

- 1 -

## II.  PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in federal court on July 26, 2021. ECF No. 1. Plaintiff did not file a proof of service identifying that Defendant was served in accordance with FRCP 4(m). ECF No. 6. Following the Clerk's Notice requiring proof of service be filed by December 2, 2021, no proof of service was filed with the Clerk.

On November 5, 2021, Defendant filed an emergency motion to expunge lis pendens. ECF No. 7. Response by the Plaintiff was initially due on November 19, 2021. Because Nev. Res. Stat. § 14.015(1) requires that a hearing to expunge lis pendens "must be set as soon as is practicable, taking precedence over all other civil matters except a motion for preliminary injunction," the Court issued a minute order requiring Plaintiff to respond to the motion by December 8, 2021 and setting a hearing for December 10, 2021. ECF No. 14. On December 8, 2021, Plaintiff filed a motion to continue the hearing. ECF No. 16. This motion was denied. ECF No. 17. The Court held a hearing on this motion on December 10, 2021. ECF No. 18.

At the hearing on December 10, 2021, the Court heard arguments from the parties with Plaintiff, Brian C. Padgett appearing for himself. ECF No. 24.  Pursuant to the Court's Order of December 13, 2021, the emergency motion to expunge lis pendens was granted. ECF No. 19.  It was further ordered that the lis pendens recorded on the property located at 611 S. 6th Street, Las Vegas, NV 89101 be expunged. *Id.*

On December 29, 2021, Padgett filed his Amended Complaint. ECF No. 22.  In the Amended Complaint, Padgett still remains as the sole Plaintiff. The only material difference in allegations is the claim that Padgett owns 2% of the Subject Property; though he affirmed to the Court at the Emergency Hearing that 611 S. 6th Street, LLC owned 100% of the Subject Property but the entity had assigned the right to pursue the claims in the

points and authorities in response to any motion "constitutes a consent to the granting of the motion.").

Complaint. cf., ECF No. 24 at p. 4:1-9; ECF No. 22, ¶¶ 6-8.

On August 2, 2022 Defendant filed its Motion to Dismiss Plaintiff's [Amended] Complaint Pursuant to Fed. R. Civ R. P. 12(b)(5)-(7), (f) and Other Related Relief. ECF No. 27. That filing was followed by Defendant's Emergency Motion to Cancel and/or Expunge Lis Pendens [ECF No. 32] (filed on October 2, 2022) and Defendant's Motion for Summary Judgment Dismissing Plaintiff's Amended Complaint With Prejudice [ECF No. 34] (filed on December 20, 2022).

These Motions seeks the dismissal of the Amended Complaint [ECF No. 22] with prejudice and Lis Pendens be expunged or cancelled [ECF No. 23].

### III. FACTUAL BACKGROUND[2]

Fanticola loaned Padgett $2,000,000 pursuant to a Loan Agreement and Promissory Note. Padgett, in his individual capacity, signed both as the borrower. Despite signing the Promissory Note in his individual capacity, Padgett also agreed to personally guarantee the Loan, pursuant to a Guaranty Agreement that he signed. The entity that owned the Property, 611 S. 6th Street, LLC ("611 South" or "Property Owner"), also signed the Promissory Note as a co-debtor. The Property Owner gave Fanticola a Deed of Trust to secure "[p]erformance of the certain agreement between [Property Owner] and [Fanticola]" and "[p]ayment of the indebtedness evidenced by the certain agreement . . . in the principal sum of [$2,000,000]."

On March 4, 2017, Fanticola notified Padgett and the Property Owner of his election under Section 2(c)(ii) of the Loan Agreement to receive "Loan Debt Repayment" on or before May 3, 2017 ("Demand for Payment"). On or about May 3, 2017, Padgett defaulted on the loan

---

[2] The Court adopts the factual statement as provided in the Defendant's Emergency Motion to Cancel and/or Expunge Lis Pendens [ECF No. 32].

by failing to make the required payment due under the Loan Agreement. Thereafter, on numerous occasions by telephone, email, and letter, Fanticola notified Padgett and the Property Owner of the default and otherwise demanded payment of the full amount due under the Promissory Note and Loan Agreement. *Id.* Neither Padgett nor the Property Owner made any further payments.

Fanticola hired Nevada Trust Deed Services ("Nevada Trust"), a reputable foreclosure company, to substitute in as Trustee and complete the foreclosure sale.

On or about November 15, 2019, Nevada Trust obtained a Trustee's Sale Guarantee ("TSG") issued by First American Title Company that provided information as to the documents of record affecting the Property and the proposed foreclosure sale. On December 16, 2019, Nevada Trust initiated the foreclosure sale by recording a Notice of Breach and Election to Sell. Nevada Trust sent by certified mail, return receipt requested, the Notice of Breach and Election to Sell to 611 South (as the Property owner) and Brian Padgett (as the guarantor) at the Property's address. Receipt was confirmed by returned mailing cards.

After a dispute over the priority of security interests was resolved in Fanticola's favor,[3] and on or about March 31, 2021, Nevada Trust obtained a publication date down endorsement to the TSG. Nevada Trust then recorded the Notice of Sale on April 5, 2021. Nevada Trust sent by certified mail, return receipt requested, the Notice of Sale to 611 South (as the Trustor on the Deed of Trust and the Property owner).

Padgett did not record a request for notice, and thus was not statutorily entitled to notice. Even so, Nevada Trust mailed the Notice of Sale by certified mail, return receipt requested, to

---

[3] The priority of various security interests was fully resolved in a state court action filed by Fanticola. *See Fanticola v. Hefetz,* Case No. A-20-810221-B, Eighth Judicial District, Clark County, Nevada.

Padgett in his individual capacity. Nevada Trust mailed the Notices of Sale to 611 South and Padgett at the Property's address (611 South 6th Street, Las Vegas, Nevada 89101). This was the last known address and the same address used when mailing the Notice of Breach and Election to Sell, which were received without issues. This was also the address of record identified on the TSG and subject to update by the TSG Endorsement as the last known address for 611 South and Mr. Padgett. The certified cards came back as undeliverable, with no forwarding address. Nevada Trust also posted the Notice of Sale in a public place in Clark County for 20 successive days before the sale date, and published a copy of the notice three times, once each week for three consecutive weeks, in the newspaper.

The foreclosure sale was held on May 28, 2021, and Fanticola purchased the Property by credit bidding the amount owed under his Promissory Note. On June 1, 2021, Nevada Trust recorded the deed in the Clark County Recorder's Office. Nevada Trust also posted the Trustee's Deed Upon Sale on the Property within five days of recording.

On July 26, 2021, Padgett, in his individual capacity, filed a Complaint against Fanticola that challenges the foreclosure sale for alleged defective notice. ECF No. 1. That same day, Padgett filed a noticed a lis pendens on the Property, clouding title and effectively preventing any future sale.

On November 5, 2021, Fanticola filed his Emergency Motion to Cancel and/or Expunge Lis Pendens (the "Emergency Motion"). ECF No. 7. The Emergency Motion identified the issue of standing and failure to serve the Complaint:

> …Padgett does not have any ownership right to Property. He admits as much in his Complaint. This raises a significant question as to his motives for filing the lis pendens. More concerning, however, is that Padgett has not yet served Fanticola with the Complaint.

*Id.* at p. 8:20-23 [Footnote omitted].

- 5 -

At the December 10, 2021, hearing on the Emergency Motion, this Court likewise identified that Padgett lacked standing to bring his claims and that 611 S. 6th Street, LLC would have to be the entity to assert any claims. ECF No. 24, Transcript of Emergency Motion Hearing at pp. 3:17-5:12. The Court granted the Emergency Motion and stated multiple other times before the hearing was concluded that 611 S. 6th Street, LLC would need to assert any property interest claims, "And if 611 South wants to assert a property interest, then they need to do that and there's a proper way to do that. I'm not saying they can't do that." Id. at p. 10:9-11.

On December 13, 2021 the Court issued its Order granting the Emergency Motion finding that, "Subject property is owned by 611 S. 6th Street, LLC. Plaintiff is not a property owner in his individual capacity..." and granting the expungement of the lis pendens, directing the County Recorder to remove the lis pendens recorded by Padgett. ECF No. 19, pp. 2:3-4, 3:15-18.

On December 29, 2021, Padgett filed his Amended Complaint. ECF No. 22. In the Amended Complaint Padgett still remains as the sole Plaintiff and the only material difference in allegations is the claim that Padgett owns 2% of the Property (though he affirmed to the Court that 611 S. 6th Street, LLC owned 100% of the Property but the entity had assigned the right to pursue the claims in the Complaint):

6. Plaintiff is the Manager of 611 S. 6th Street, LLC.

7. 611 S. 6th Street, LLC owns ninety-eight (98) percent of the real property and improvements at 611 S. 6th Street, Las Vegas, Nevada 89101 ("Subject Property").

8. Plaintiff personally owns the remaining two (2) percent of the Subject Property with the same proportional rights and obligations as 611 S. 6th Street, LLC.

ECF No. 22, ¶¶6-8.

At the time of entering into the loan agreement, deed of trust and personal guaranty in November 2016 and January 2017, through the time when Michelle Dobar of Nevada Trust Deed Services obtained a Trustee's Sale Guarantee on November 15, 2019, the owner of the Property remained 611 S. 6th Street, LLC, "Title to said estate or interest at the date hereof is vested in: 611 S. 6th Street LLC, a Nevada limited liability company" Declaration of Michelle Dobar in Support of Emergency Motion to Cancel and/or Expunge Lis Pendens (Exhibit 2, Dobar at Exhibit A, p. 6.)

611 S. 6th Street, LLC has not been added as a party to the Amended Complaint (which Padgett sought no relief to file). ECF No. 22. The Amended Complaint has not been served, nor a summons issued for service to Fanticola.

### IV. LEGAL STANDARD

Fed R. Civ. P. 4(m) requires that service upon the defendant be made within 90 days. Failure to serve the complaint within that time allows the defendant to assert insufficiency of process as a defense. The burden then shifts to the plaintiff to prove the adequacy of service of process. *Beattie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 376, 384 (S.D.N.Y. 2006); *see Konecranes Glob, Corp. v. Mode Tech (Beijing) Co., Ltd.*, No. 2:18-cv-02015-GMN-NJK, 2019 U.S. Dist. LEXIS 130358, at *5 (D. Nev. Aug. 3, 2019) ("The plaintiff has the burden of demonstrating that service of process was valid.").

When a defendant moves for dismissal of a complaint under FRCP 12(b)(6) for failing to state a claim for relief as required by FRCP 8(a), the reviewing court accepts all "factual allegations" in the complaint as true but disregards allegations that "do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences

from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."); *Magee v. Shoshone Paiute Tribes of Duck Valley Reservation*, 460 F. Supp. 3d 1073, 1076 (D. Nev. 2020). If disregarding the conclusory allegations leaves a complaint that fails to state a "plausible" claim for relief or fails to give fair notice of a legally cognizable basis, dismissal is necessary under FRCP 12(b)(6). *Magee*, 460 F. Supp. 3d at 1076.

"Although generally a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, 'material which is properly submitted as part of the complaint may be considered on a motion to dismiss.'" *Local Joint Executive Bd. of Las Vegas v. Ramparts, Inc.*, 2:12-CV-01963-GMN, 2013 WL 5437368, at *5 (D. Nev. Sept. 27, 2013) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990)). "Similarly, 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss' without converting the motion to dismiss into a motion for summary judgment." *Id*. (*quoting Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994)). "Also, under Federal Rule of Evidence 201, a court may take judicial notice of 'matters of public record.'" *Id*. (*quoting Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir.1986)).

Nev. Rev. Stat. § 14.010(1) allows for a lis pendens to be filed when there is an action, "affecting the title or possession of real property…" Nev. Rev. Stat. § 14.015 requires that the party who recorded the notice of pendency of the action must establish five factors to the court's satisfaction: (1) the action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice, (2) the action was not brought in bad faith or for an improper motive, (3) the recording party will be able to perform any conditions precedent to the relief sought in the action insofar

as it affects the title or possession of the real property, (4) the recording party would be injured by any transfer of an interest in the property before the action is concluded, and (5) the recording party has a likelihood of prevailing in the action or a fair chance of success on the merits. See Nev. Rev. Stat. § 14.015(2),(3).

V.   **DISCUSSION**

It is undisputed that Plaintiff has not served either the original Complaint or the Amended Complaint, pursuant to Fed. R. Civ. P. 4(m).  Plaintiff has failed to carry his burden or demonstrate that he has complied with Fed. R. Civ. P. 4(m), and therefore the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

Plaintiff's Amended Complaint also fails to state a claim for relief in similar manner to the original Complaint for the reasons expressed by the Court at the Emergency Hearing on December 10, 2021.  Even accepting all the factual allegations and considering the documents referenced in the Amended Complaint, dismissal is appropriate pursuant to Fed. Civ. R. P. 12(b)(6), (7).

Plaintiff cannot demonstrate a likelihood of prevailing or a fair chance of success on the merits of his claims as required by the statute. Plaintiff as an individual is not the owner of the subject property. Under Nevada law, there must be some claim of entitlement to the real property affected by the *lis pendens* in order for the action to be valid. See Levinson v. Eighth Judicial Dist. Court, 857 P.2d 18, 21 (Nev. 1993) ("There must be some claim of entitlement to the real property affected by the *lis pendens…*"), Weddell v. H20, Inc., 271 P.3d 743, 751 (Nev. 2012) ("It is fundamental to the filing and recordation of a *lis pendens* that the action involve some legal interest in the challenged real property."). Here, because Plaintiff as an individual does not have a legal interest in the real property at issue, he cannot assert the *lis pendens* himself and therefore cannot demonstrate a likelihood of prevailing or a

fair chance of success on the merits of his claim.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that [27] motion to dismiss amended complaint pursuant to Fed. R. Civ. P. 12(b)(5)-(7) and (f) is GRANTED.

**IT IS FURTHER ORDERED** that [32] emergency motion to cancel and/or expunge lis pendens is GRANTED.

**IT IS FURTHER ORDERED** that [34] motion for summary judgment dismissing plaintiff's amended complaint with prejudice is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint is dismissed with prejudice pursuant to LR 7-2 and in the Court's discretion.

**IT IS FURTHER ORDERED** that in the event plaintiff seeks to file another lis pendens against the Subject Property identified in the Amended Complaint, or any other documentation, filing or recordation clouding the title of the Subject Property, plaintiff must seek leave of this Court and obtain an order of consent allowing such filing prior performing such actions.

**IT IS FURTHER ORDERED** that in the event that Plaintiff records any documents clouding title to the Subject Property without the consent of this Court, that the party so affected may seek sanctions against Plaintiff, including the imposition of punitive damages and/or other significant sanctions, to punish and rectify the harms caused by Plaintiff for failing to heed the orders of this Court.

**IT IS FURTHER ORDERED** that in the event that Plaintiff seeks to obtain relief from another court based on the facts raised in the Complaint and Amended Complaint, the party

- 11 -

so affected may likewise seek sanctions against Plaintiff, in conjunction with other relief should the particular circumstances require.

**IT IS FURTHER ORDERED** that the County Recorder for Clark County, Nevada is directed to expunge the notice of lis pendens recorded by Plaintiff Brian C. Padgett on the property located at 611 S. 6th Street, Las Vegas, NV 89101, APN: 139-34-410-221.

The Clerk of the Court is instructed to close this matter accordingly.

DATED: September 30, 2023



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**